UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 2:16-cr-21-FtM-29CM

JUAN MARCO ANTONIO FLORES-ORGAZ

**<u>OPINION AND ORDER</u>**

This matter came before the Court for sentencing on February 27 and 28, 2017. Defendant Juan Marco Antonio Flores-Orgaz (defendant) had filed a Request For Variance and Departure From Sentencing Guidelines (Doc. #24) on February 21, 2017. The arguments at the sentencing hearings suggested that defendant was also making objections to the calculation of the Sentencing Guidelines range. The Court continued the sentencing hearing pending further written filings. Defendant filed an Addendum to Defendant's Sentencing Memorandum (Doc. #30), to which the United States filed a Response (Doc. #31). The Court will resolve the calculation of the Sentencing Guidelines range issue in this Opinion and Order, and leave the request for variance and departure for the forthcoming sentencing hearing.

**I.**

Defendant is charged in a one count Indictment (Doc. #1) with being an alien who had previously been convicted of an aggravated felony offense in Texas and had thereafter been deported and

removed from the United States on or about May 8, 1993, and on or about June 8, 1999. The Indictment charged that "[o]n or about March 8, 2016," defendant "knowingly and unlawfully entered and was found in the United States" without first having obtained the proper consent to reapply for admission into the United States, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). (Doc. #1, pp. 1-2.)

The government prepared a Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis (Doc. #16) and filed same. Defendant pled guilty to the charged offense without the benefit of a plea agreement on November 30, 2016. (Doc. #18.) The plea was accepted and defendant was adjudicated guilty of Count One of the Indictment. (Doc. #20.)

For sentencing purposes, the Court finds that the government has established the following facts by at least a preponderance of evidence:

1. Defendant is a native and citizen of Bolivia.
2. Defendant originally entered the United States on or about May 18, 1982, at or near Miami, Florida and applied for legal status. That application was ultimately denied, and defendant overstayed his visa.
3. On May 17, 1991, an immigration court in Houston, Texas ordered defendant deported *in absentia*.

4. On or about January 9, 1991, defendant was charged with the felony offense of delivery of cocaine in state court in Houston (Harris County), Texas. On or about April 27, 1992, defendant pled guilty to this offense and was sentenced to fifteen (15) years in prison.

5. On April 12, 1993, defendant was released from state prison in Texas on parole so he could be deported. Defendant remained on unsupervised parole on the Texas conviction until July 22, 2006.

6. On May 8, 1993, defendant was removed from the United States to Bolivia, pursuant to the prior INS removal order of May 7, 1991.

7. On June 7, 1999, INS immigration inspectors in El Paso, Texas encountered defendant on foot attempting to enter the United States from Juarez, Mexico, while in possession of a Bolivian passport. In a sworn statement the next day, defendant said he re-entered the United States illegally during May 1998 by crossing the border on foot near Tijuana, Mexico, then departed to Bolivia, and had been attempting to again re-enter the United States when he was apprehended on June 7, 1999.

8. On or about June 8, 1999, defendant was deported to Bolivia.

9. In late 1999, defendant unlawfully entered the United States again and has remained in the United States continuously since then.

10. Defendant was arrested on or about March 8, 2016, in Naples, Florida for state law offenses. At the Naples Jail Center defendant was encountered by an immigration officer and advised the immigration officer that he was illegally in the United States.

**II.**

The Presentence Report (PSR) finds that defendant's Base Offense Level is a level 8 (PSR, ¶ 18). The PSR then adds ten levels for "specific offense characteristics" pursuant to U.S. Sentencing Guidelines Manual (USSG) §2L1.2(b)(2)(A) because of the April 27, 1992 conviction for delivery of cocaine conviction in Texas (PSR, ¶ 19). After a three level reduction for acceptance of responsibility, defendant's Total Offense Level is a level 15. (PSR, ¶¶ 25-27.)

In computing defendant's criminal history, the only scoreable conviction was the 1992 Texas delivery of cocaine conviction, which was scored at three points under USSG § 4A1.2(e)(1). (PSR, ¶ 30.) The PSR also added two points under USSG § 4A1.1(d) because the instant offense was committed while defendant was under a criminal justice sentence, i.e., parole for the 1992 Delivery of Cocaine conviction in Texas. (PSR, ¶ 32.) This resulted in a Criminal

History Category of III.  With a Total Offense Level of 15 and a Criminal History Category of III (PSR, ¶ 33), the applicable Sentencing Guidelines range is 24 to 30 months of imprisonment. (PSR, ¶ 65.)

### III.

**A. Scoring of 1992 Texas Conviction**

Two components of the scoring of defendant's criminal history require the Court to determine when the instant offense of conviction commenced.  The Court determines that the commencement date was late 1999.

**(1)  Instant Offense:  Being "Found In" United States**

Defendant pled guilty to the charge that "on or about March 8, 2016" he "knowingly and unlawfully entered and was found in the United States" in violation of 18 U.S.C. § 1326(a).  (Doc. #1.)  Title 18 U.S.C. § 1326(a) describes three criminal offenses for an alien who had previously been deported and thereafter "enters, attempts to enter, or is at any time found in, the United States. . . ."  8 U.S.C. § 1326(a).  "[E]nters" has a different meaning from being "found in," which refers to situations in which an alien who has already entered surreptitiously, bypassing a recognized immigration point of entry, is discovered in the United States.  United States v. Canals-Jimenez, 943 F.2d 1284, 1287-88 (11th Cir. 1991).  The phrase "found in" is synonymous with "discovered in."  Id. at 1287.  The crime of being "found in" the

United States is a continuing offense which commences when the alien enters the United States and is not completed until the alien is actually "found" by immigration authorities. United States v. Castrillon-Gonzalez, 77 F.3d 403, 405 (11th Cir. 1996); United States v. Coeur, 196 F.3d 1344, 1346 (11th Cir. 1999); United States v. Clarke, 312 F.3d 1343, 1346-47 (11th Cir. 2002); United States v. Scott, 447 F.3d 1365, 1369 (11th Cir. 2006).

**(2) Points for 1992 Texas Conviction**

Under the Sentencing Guidelines, three criminal-history points are assessed "for each prior sentence of imprisonment exceeding one year and one month." USSG § 4A1.1(a). A "sentence of imprisonment" is defined as "a sentence of incarceration and refers to the maximum sentence imposed." USSG § 4A1.2(b). The commentary explains that although the defendant "must have actually served a period of imprisonment," the "length of a sentence of imprisonment is the stated maximum", and "criminal history points are based on the sentence pronounced, not the length of time actually served." USSG § 4A1.2 cmt. n.2.

Such a prior sentence is only counted, however, if it was imposed within 15 years of the defendant's commencement of the instant offense, or if it resulted in the defendant being incarcerated during any part of that 15-year period. USSG § 4A1.2(e). The Commentary to section 4A1.1 explains that a "sentence imposed more than fifteen years prior to the defendant's

commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period." USSG § 4A1.1 cmt. n.1.  Thus, if "a sentence was imposed more than 15 years before the commencement of the charged offense, it is not included in the criminal history score unless the sentence, 'whenever imposed,' resulted in the defendant being incarcerated during any part of the 15-year period." United States v. Iglesias-Cruz, 628 F. App'x 1000, 1005 (11th Cir. 2015) (citing USSG § 4A1.2(e)(1)).

The PSR attributes three criminal history points under USSG § 4A1.2(e)(1) to the April 1992 Texas delivery of cocaine conviction.  The relevant dates are as follows:

- April 27, 1992: defendant sentenced to 15 years imprisonment

- April 12, 1993: defendant released into federal immigration custody

- May 8, 1993: defendant removed from the United States

- July 22, 2006:  defendant's Texas parole expires

(PSR, ¶ 30.)  Thus, the last possible date for the fifteen year period is April 12, 2008, fifteen years after defendant was released from state prison.  If defendant's instant offense of conviction did not commence before April 12, 2008, then no points should have been scored.

The government has satisfied its burden of establishing the commencement date for defendant's current offense as being late

1999. Defendant told the Probation Officer that he re-entered the United States in late 1999 and settled in Naples, Florida until his 2016 arrest. (PSR, ¶¶ 42, 47.) While in Florida, defendant was arrested on November 14, 2004 for battery on his spouse (id., ¶ 34), divorced his wife (id., ¶ 43), remarried in 2006 (id., ¶ 45), and received major medical care from 1999 to the present (id., ¶¶ 50-52). Because defendant's current offense of conviction commenced in late 1999, the 1992 Texas conviction was properly scored in the PSR.

### (3) Commission of Offense While Under Criminal Justice Sentence

The PSR also added two points under USSG § 4A1.1(d), which provides: "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1. The PSR concludes that the instant offense was committed while defendant was under a criminal justice sentence, i.e., parole for the 1992 Delivery of Cocaine conviction in Texas, which ended on July 22, 2006. (PSR, ¶ 32.) "Active supervision is not required for a sentence to be considered a criminal justice sentence under § 4A1.1(d), and a defendant's subjective understanding that his probation had terminated upon deportation is not relevant to this two-point enhancement." United States v. Cardona-Castillo, 648 F. App'x 782, 787 (11th Cir. 2016). See also United States v. Phillips, 413 F.3d 1288,

1292 (11th Cir. 2005). This enhancement applies "if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence." United States v. Coeur, 196 F.3d 1344, 1346 (11th Cir. 1999) (quoting USSG § 4A1.1(d) cmt. n.4).

For the reasons stated above, the current offense of conviction began in late 1999. Defendant was on parole with Texas until July 2006. Therefore, the two extra points were properly assessed.

**B. Special Offense Characteristic for Base Offense Level**

A ten level increase is added to the Base Offense Level "[i]f, before the defendant was ordered deported or ordered removed from the United States for the first time, the defendant sustained – (A) a conviction for a felony offense (other than an illegal re-entry offense) for which the sentence imposed was five years or more. . . ." USSG § 2L1.2(b)(2)(A). The PSR identifies the qualifying felony conviction as the April 27, 1992 delivery of cocaine conviction in Texas.[1] The difficulty with this is that defendant was first ordered deported on May 17, 1991, *in absentia*. Defendant then obtained his drug conviction in April 1992. Therefore, this is not a situation in which defendant sustained a

---

[1] Subsections (b)(1), (b)(2), and (b)(3), are applied if a conviction received criminal history points under § 4A1.1(a), (b), or (c). USSG § 2L1.2 cmt. n.3. As determined in Section III.A, supra, the April 27, 1992 Texas conviction was properly considered.

felony conviction "<u>before</u> the defendant was ordered deported or ordered removed from the United States for the first time." USSG § 2L1.2(b)(2)(A).

However, USSG § 2L1.2(b)(3)(A) provides that "[i]f, at any time after the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct resulting in--(A) a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was five years or more, increase by 10 levels. . . ." The Texas felony conviction qualifies under this provision. Therefore, the 10 level increase in Base Offense Level is appropriate.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's objections to the calculation of the Sentencing Guidelines range in the filed Addendum (Doc. #30) are **OVERRULED.**

2. Defendant's Request For Variance and Departure From Sentencing Guidelines (Doc. #24) remains **UNDER ADVISEMENT.**

**DONE and ORDERED** at Fort Myers, Florida, this ___16th___ day of March, 2017.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record